United States District Court
District of Massachusetts

```
_____
                              )
Angel Namina Malan,           )
                              )
        Petitioner,           )
                              )
        v.                    )   Civil Action No.
                              )   25-12570-NMG
Antone Montiz et. al.,        )
                              )
        Respondents.          )
_____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises from the petition for writ of habeas corpus (Docket No. 1) of petitioner Angel Namina Malan ("petitioner"). He contends that Kristi Noem and other named respondents ("respondents") refuse to release him in violation of the Fifth Amendment of the U.S. Constitution despite the fact that he was granted bond by an immigration judge. For the following reasons, the petition will be denied without prejudice.

**I.   Background**

  **A. Facts**

Petitioner is a native of Ecuador who originally encountered United States Custom and Border Patrol in November, 2023. He was placed in removal proceedings and issued a notice to appear before an immigration judge in February, 2025,

-1-

pursuant to Section 240 of the Immigration and Nationality Act ("INA"), 8 U.S.C. §1229a. He was released on his own recognizance pursuant to INA section 236, 8 U.S.C. §1226.

On July 25, 2025, petitioner was encountered and detained by Immigration and Customs Enforcement ("ICE") agents after it was determined that he was working without authorization. The same day, the U.S. Department of Homeland Security ("DHS") issued his arrest warrant pursuant to §1226. On August 21, 2025, an immigration judge granted petitioner bond in the amount of $3,000. The same day, DHS filed an EOIR-43 Notice of Automatic Stay, pursuant to 8 C.F.R. §1003.19(i)(2) ("the automatic stay provision"). On August 22, 2025, bond was tendered on behalf of petitioner but refused by ICE.

DHS filed its notice of appeal to the Board of Immigration Appeals (BIA) on September 3, 2025. Petitioner filed the present petition for writ of habeas corpus on September 12, 2025, and the Court held a hearing on October 9, 2025.

### B. Automatic Stay Provision

The automatic stay provision permits DHS to stay the decision of an immigration judge pending an appeal to the BIA, which has authority to overrule an immigration judge's determination of bond. 8 C.F.R. §1003.01(b)(7); §1003.19(b)(f); §1003.38.

The automatic stay provision provides, in pertinent part, that if the government

> determine[s] that an alien should not be released . . . any order of the immigration judge authorizing release (on bond or otherwise) shall be stayed upon [the government's] filing of a notice of intent to appeal the custody redetermination . . . with the immigration court within one business day of the order.

§1003.19(i)(2). The stay lapses if the government fails to file notice of appeal with the BIA within ten days of the immigration judge's order as well as a certification by a senior legal official in DHS regarding the approval of, and basis for, the appeal. Id. §1003.6(c)(1).

Once an appeal to the BIA has been filed, DHS may continue to detain an alien pending the outcome of that appeal for up to 90 days. Once the 90-day period expires, DHS may file a motion with the BIA for an additional discretionary stay for the duration of the appeal. The automatic stay remains in effect for up to 30 additional days until the BIA rules on the request for a discretionary stay.

If the BIA authorizes the alien's release, denies the motion for a discretionary stay or fails to adjudicate the motion before the automatic stay expires, the alien's release is stayed for another five days during which DHS may refer the case to the Attorney General. The stay is then extended an

additional 15 business days during which the Attorney General may issue a discretionary stay for the duration of removal proceedings. In total, the regulatory scheme allows the automatic stay to be in place for 150 days before the Attorney General is given discretion to extend it indefinitely.

## II. Discussion

### A. Fifth Amendment

The Fifth Amendment forbids the federal government from depriving any person of liberty without due process of law. That protection applies to all persons, including noncitizens, who are detained within the United States. Zadvydas v. Davis, 533 U.S. 678, 693 (2001). To determine whether civil detention violates a petitioner's Fifth Amendment right to due process, courts apply a three-part balancing test. Mathews v. Eldridge, 424 U.S. 319 (1976). Under that test, courts weigh 1) the private interest to be affected by the official action, 2) the risk of erroneous deprivation of such interest and the value, if any, of additional procedural safeguards, and 3) the governmental interest at stake. Mathews, 424 U.S. at 335.

This Court agrees with other sessions of this District Court that the automatic stay, if extended for the duration of the removal proceedings, renders it indefinite and unconstitutional. See, e.g., Sampiao v. Hyde, No. 1:25-CV-11981-JEK, 2025 WL 2607924 (D. Mass. Sept. 9, 2025). In the absence

of a BIA decision, the automatic stay may terminate in one of two ways: after a maximum of 130 days, with the BIA entering a discretionary stay pending the outcome of the appeal, or after a maximum of 150 days, with the Attorney General entering a discretionary stay for the duration of the removal proceedings. This Court finds that detention pending the outcome of either the appeal or the removal proceedings is indefinite and would tip the Mathews factors in favor of the petitioner. See Hussain v. Gonzales, 492 F. Supp. 2d 1024, 1032 (E.D. Wis. 2007); Zavala v. Ridge, 310 F. Supp. 2d 1071, 1078 (N.D. Cal. 2004).

The Court also recognizes, however, that the government has a legitimate, constitutional interest in the temporary detention of an alien during removal proceedings. See Demore v. Kim, 538 U.S. 510, 528 (2003) (finding detention during removal proceedings constitutional where most proceedings were shown to last one and a half months).  And while the United States Supreme Court has not ruled on the acceptable duration of detention during removal proceedings, it has sanctioned six months as the constitutional limit for detention of an alien post removal proceedings while, at the same time, declaring indefinite detention impermissible. Zadvydas 533 U.S. at 690, 701 (2001).

To balance the important, countervailing interests of the parties, the Court concludes that petitioner's continued

detention is constitutional only so long as that detention does not exceed the 150 days as prescribed by regulation. After that defined period, if the BIA has not ruled otherwise, the stay of the immigration judge's order will be lifted and the petitioner will be released on bond. An extension of the stay for the duration of the removal proceedings would, under the current circumstances, be impermissibly indefinite and constitute a violation of petitioner's Fifth Amendment rights.

### B. Ultra Vires

Petitioner also claims that the automatic stay provision is an ultra vires exercise of regulatory authority that exceeds that which was conferred upon DHS by Congress. The Court recognizes that in enacting the INA, Congress struck a delicate balance of power between DHS and the Attorney General. The question is whether that balance was disturbed by the promulgation of the automatic stay provision.

This Court concludes that it was not. So long as the detention imposed upon the petitioner is temporary, not indefinite, and is prescribed for the sole purpose of permitting the BIA to review the bond determination, DHS has not acted ultra vires. If the BIA overrules the immigration judge, the petitioner may be lawfully detained pursuant to §1226(a) pending the outcome of his removal proceedings. If the BIA affirms the

immigration judge, petitioner will be released on bond pursuant to the original bond determination.

Thus, by filing an appeal and invoking the temporary detention authorized by the automatic stay provision, DHS does not exceed its statutory authority, interfere with that of the Attorney General or flout the express intent of Congress.  It is, rather, afforded the opportunity to appeal the immigration judge's ruling to a higher authority while temporarily detaining the alien whose removal is at issue.

This decision rests on the temporary nature of the detention for a fixed period of time.  Such detention does not violate the petitioner's due process rights or constitute ultra vires conduct of DHS.  When and if that detention is extended indefinitely, however, the equation is altered and the Court will respond accordingly.

## ORDER

For the forgoing reasons, the petition for writ of habeas corpus (Docket No. 1) is **DENIED WITHOUT PREJUDICE** to petitioner's refiling his petition if his detention exceeds 150 days from the application of the automatic stay on August 21, 2025.

It is further ordered that the government shall not remove petitioner from this District for 15 days following entry of this order to give him a reasonable opportunity to seek

-7-

appellate review. If petitioner does so, the parties will remain bound by the Order of this Court Concerning Stay of Transfer or Removal (Docket No. 4) entered on September 15, 2025.

**So ordered.**

/s/ Nathaniel M. Gorton
Nathaniel M. Gorton
Senior United States District Judge

Dated: October 27, 2025